**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RIVER CITY EQUIPMENT RENTAL**
**& SALES, INC.**                                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NUMBER: 1:25-cv-00068-JDM-RP**

**R AND R CONSTRUCTION LLC OF**
**HOUSTON, MISSISSIPPI, et al.**                                        **DEFENDANTS**

## ORDER AND MEMORANDUM OPINION

Plaintiff River City Equipment Rental & Sales, Inc. moved for default judgment against Defendants R and R Construction LLC of Houston, Mississippi, Ronnie Fisackerly, and Troy Townsend for damage done to River City's crane truck. The Clerk has already entered default against each defendant. And because no defendant has appeared to defend the case, River City's motion is **GRANTED**.

### Facts and Procedural History

River City does business in Mississippi under the name Empower Rental Group. Empower rented a Ford F750 17-ton crane truck to R&R. Fisackerly—R&R's sole member—and Townsend used the crane truck at a job site. Fisackerly supervised while Townsend operated the crane. But an excessive load caused the crane to fold and bend. So River City sued R&R, Fisackerly, and Townsend for damage to its crane truck.

The complaint alleged Fisackerly and Townsend operated the crane at an improper angle with a weight that damaged the crane. [1] River City also alleged R&R did not insure the crane. According to River City, R&R is responsible for the crane's damage because it failed to get insurance. River City requested the cost of crane repairs, accrued rental charges, late fees,

attorney's fees, and other appropriate relief.

No defendant responded. So on June 25, 2025, the Clerk entered default against R&R and Fisackerly. The Clerk then entered default against Townsend on July 14, 2025. After no further activity, River City moved for default judgment on January 22, 2026. It asks for $136,993.58 in damages. This amount includes $135,131.12 for the cost of repairs and incurred rental charges, including taxes, and $1,862.46 for accrued late fees.

**Discussion**

"After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances." *EW Polymer Grp., LLC v. GSX Int'l Grp., Inc.*, 622 F. Supp. 3d 232, 237-38 (M.D. La. 2022) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Second, the Court must assess the merits of Plaintiff's claims and determine whether Plaintiff has a claim for relief." *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016)).

*Default Judgment is Appropriate*

There are six factors in determining whether default judgment is appropriate: (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

All these factors weigh in favor of River City. There are no apparent material issues of fact

and no substantial prejudice. To date, no defendant has filed a responsive pleading. And because no defendant plead or otherwise appeared to defend against River City's claims, the Clerk entered default against each defendant. *See* Fed. R. Civ. P. 55(a). So the grounds for default have been established. Further, the judgment sought is not overly harsh. It requests only the amount testified to by River City CEO Guy Williams. And Williams's affidavit sets forth the amount owed to River City for repairs and reasonable interest and fees. Therefore, default judgment is appropriate.

*River City's Claims Have Merit*

River City also has several meritorious claims for relief. First, it alleged the crane's rental contract required R&R to obtain insurance coverage and that R&R's failure to do so constituted breach. Second, River City alleged the defendants' negligent crane use damaged the crane. Third, depriving River City of the crane's use constituted conversion. Fourth, R&R and Fisackerly fraudulently represented to River City they would obtain insurance for the crane. And finally, River City alleged R&R is liable for damages caused by its employees—Fisackerly and Townsend—acting within the course and scope of their employment. River City clearly established each claim, and the Court finds they have merit.

*Damages are Clear*

After determining default judgment should be entered, the Court next examines the proof of damages. In default judgments, damages must be shown in a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But a hearing is unnecessary when "the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 816 (N.D. Tex. 2015) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

3

River City asks for the amount it incurred to repair the crane. Williams's affidavit establishes the costs to repair the crane and the accrued late rental charges. Accounting for the repair cost, contractual four-week rental charge, and taxes, River City paid $135,131.12 to repair the crane. River City also seeks accrued interest on the outstanding rental charge totaling $1,862.46.[1] This Court finds the total accrued interest as to the date of this order amounts to $3,073.97.[2] And it finds no reason to deny the requested damages for the crane's repair and accrued interest.

### Conclusion

For these reasons, River City's Motion for Default Judgment [12] is **GRANTED** against R&R Construction, Ronnie Fisackerly, and Troy Townsend in the amount of $138,205.09. The defendants are jointly and severally liable for the $135,131.12 cost of crane repairs and for $3,073.97 in accrued late fees.

River City is also contractually entitled to attorney's fees to be determined by later motion. The defendants are jointly and severally liable for reasonable and necessary attorney's fees.

**SO ORDERED**, this the 7th day of April, 2026.

 /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] The four-week rental charge totaled $5,500, and contractual interest on that outstanding charge is 24% per year. Applying the 24% interest rate to the outstanding $5,500 charge results in $3.62 per day. Five hundred fifteen (515) days passed between the December 9, 2023 invoice due date and when River City filed its complaint on May 7, 2025. Applying $3.62 per day for 515 days equals $1,862.46 in accrued interest on the unpaid rental charge.

[2] The total accrued late fees at $3.62 per day from December 9, 2023 to the date of this order is $3,073.97.