**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RIVER CITY EQUIPMENT RENTAL**
**& SALES, INC.**                                                             **PLAINTIFF**

**V.**                                          **CAUSE NUMBER: 1:25-cv-00068-JDM-RP**

**R AND R CONSTRUCTION LLC OF**
**HOUSTON, MISSISSIPPI, et al.**                                         **DEFENDANTS**

### ORDER AND MEMORANDUM OPINION

Before the Court is Defendant Troy Townsend's pro se Motion to be Removed from Lawsuit. [21] Plaintiff River City Equipment Rental & Sales, Inc. sued Townsend and his employer for damaging a crane truck River City rented to Townsend's employer. All defendants defaulted after not responding to the lawsuit. And this Court entered default judgment against all defendants. After he learned about the judgment against him, Townsend asked to be removed from the lawsuit. This Court interprets Townsend's motion as one to set aside the default judgment. And it finds Townsend has shown excusable neglect under Rule 60(b)(1).[1] So to the extent Townsend seeks to set aside the default judgment, his motion is **GRANTED**. But this ruling does not remove Townsend from the lawsuit. Instead, Townsend must answer or respond to River City's complaint within twenty-one days of receiving this order.

### Facts and Procedural History

This case arises from an alleged improper operation of a crane truck. River City rented a Ford F750 17-ton crane truck to defendant R & R Construction LLC. According to River City,

---

[1] FED. R. CIV. P. 60(b)(1).

defendant Ronnie Fisackerly—sole member of R & R—supervised as Townsend operated the crane. And after Fisackerly and Townsend allegedly lifted more weight than the crane could handle, the crane folded and became unusable. River City's complaint asserted four claims. But it only alleged negligence and conversion claims against Townsend.

After no defendant responded, the Clerk entered default against all three defendants. River City then moved for default judgment, which this Court granted. [16] The Court found the three defendants jointly and severally liable for $135,131.12 in crane repairs and $3,073.97 in accrued late fees.

Upon learning he was liable for a total of $138,205.09, Townsend first appeared and asked to be removed from the lawsuit. [21] He claimed he only acted as an employee under Fisackerly's direction and control. Townsend also described his conversation with Fisackerly the day River City served him the complaint and summons. According to Townsend, Fisackerly "promised and assured" him he would handle the lawsuit. And Townsend trusted Fisackerly like he had for nearly 30 years as an R & R employee. From this, the Court interprets Townsend's motion as one to set aside the default judgment.

**Legal Standard**

Default judgments are "'generally disfavored in the law.'" *Scott v. Carpanzano*, 556 Fed. Appx. 288, 293 (5th Cir. 2014) (per curiam) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). And a court "may set aside a default judgment under Rule 60(b)." *Id.* (quoting FED. R. CIV. P. 55(c)). Rule 60(b) should be applied liberally to default judgments "'since trial on the merits is to be favored over such a truncated proceeding.'" *Id.* (quoting *In re OCA, Inc.*, 551 F.3d 369, 370 (5th Cir. 2008)). Under Rule 60(b)(1), "a court may relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (quoting FED. R. CIV. P. 60(b)(1)).

2

And when deciding to set aside a default judgment under Rule 60(b)(1), "three primary factors are to be considered: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff." *Id.* (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)).

### Discussion

Each factor weighs in Townsend's favor to set aside the default judgment.

### I.    *Willful Default*

Though Townsend did not answer River City's complaint, his default was not willful. "A willful default is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d at 370 n.32 (citing *Lacy*, 227 F.3d at 292). But where a defendant can show his failure to respond resulted from excusable neglect, the Court may grant relief from default judgment. *U.S. v. Gentry*, No. 1:12-cv-215-SA-DAS, 2014 WL 4352094, at *3 (N.D. Miss. Sept. 2, 2014) (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)).

*Scott v. Carpanzano* provides a good example of excusable neglect. In that case, the Fifth Circuit held that one defendant's negligent reliance on another defendant to protect his interest was not an intentional failure to respond. *Carpanzano*, 556 Fed. Appx. 288. There, the plaintiff sued Carpanzano. *Id.* at 290. And after Carpanzano retained counsel, the plaintiff amended his complaint to include Carpanzano's wife Marisa and daughter Carmela. *Id.* No defendant answered the amended complaint. *Id.* at 291. So the district court entered default judgment against Carpanzano, Marisa, and Carmela. *Id.* And it denied the defendants' motions to set aside the default judgments. *Id.* On appeal, the Fifth Circuit determined Marisa and Carmela had not willfully defaulted by relying on Carpanzano to protect their interest. *Id.* at 295. "While their reliance on Mr. Carpanzano acting with the attorneys he retained may have been negligent, it does

not amount to an 'intentional failure to respond to litigation.'" *Id.* (quoting *In re OCA, Inc.*, 551 F.3d at 370 n.32)).

Like *Carpanzano*, this Court finds Townsend's reliance on Fisackerly's promise to handle the litigation was negligent, not willful. Townsend had an employment relationship with R & R for 30 years. When River City sued for a work-related incident, Townsend immediately contacted his long-time employer. And his employer told Townsend he would handle the issue as he had in the past. So Townsend was certainly negligent in relying on his long-time employer and in not contacting a lawyer or otherwise responding to River City's complaint. But his negligence was not an intentional failure to respond or willful default.

## II.   *Meritorious Defense*

Finding Townsend did not willfully default, the Court continues to the meritorious defense factor. To show a meritorious defense, a defendant must generally submit "definite factual allegations, as opposed to mere legal conclusions, in support of [his] defense." *Jenkens*, 542 F.3d at 122. "In determining whether a meritorious defense exists, the underlying concern is 'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Carpanzano*, 556 Fed. Appx. at 296 (quoting *In re OCA, Inc.*, 551 F.3d at 373).

River City only asserted negligence and conversion claims against Townsend. And it brought a breach of contract claim only against R & R. But the default judgment held Townsend jointly and severally liable for the crane's damage *and* contractual rental fees. In Mississippi, "to recover damages from a breach of contract, . . . there must be a relationship of privity of contract between the party damaged and the party sought to be held liable[.]" *Bissette v. Univ. of Miss. Med. Ctr.*, 282 So. 3d 507, 513 (Ct. App. Miss. 2019) (citing *Burns v. Washington Savs.*, 171 So.

4

2d 322, 324 (Miss. 1965)).  Here, River City did not allege Townsend signed the rental contract. And the rental contract attached to the complaint shows Townsend did not sign it.  Without getting into the weeds on Townsend's potential defenses to negligence or conversion, at trial his liability might be less than the full contractual liability under the default judgment.  So Townsend has a meritorious defense for purposes of setting aside the default judgment.

>        *III.        Prejudice to River City*

Finally, the Court considers any prejudice to River City.  Where setting aside default judgment does not harm the plaintiff other than requiring him to prove his case, the plaintiff suffers no prejudice.  *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

River City does not argue that setting aside the default judgment against Townsend will prejudice it.  And its default judgment still stands against Fisackerly and R & R.  Thus, no prejudice exists other than requiring River City to prove its case against Townsend.

### Conclusion

For these reasons, the Court finds it should set aside the default judgment against Townsend under Rule 60(b)(1).  To that extent, Townsend's Motion to be Removed from Lawsuit [21] is **GRANTED**.  But Townsend is not excused or removed from the lawsuit.  He remains a defendant. So Townsend must respond to River City's complaint within twenty-one (21) days of receiving this order.

>        **SO ORDERED**, this the 1st day of June, 2026.

>                                        /s/ James D. Maxwell II
>                                        UNITED STATES DISTRICT JUDGE
>                                        NORTHERN DISTRICT OF MISSISSIPPI